## BRENNEMAN *v*. THE STATE OF INDIANA.

[No. 21,756.   Filed February 17, 1911.   Rehearing denied April 27, 1911.]

1. TRESPASS.—*Indictment.—Sufficiency.*—An affidavit charging that defendant "did then and there, unlawfully being about to enter upon the enclosed land of [the prosecuting witness], and having been forbidden by the said [prosecuting witness], the owner thereof, did then and there, and thereafter unlawfully enter and go upon said land," is not bad on a motion to quash, on the ground that the word "forbidden" is not followed by the words "so to do."   p. 523.

2. CRIMINAL LAW.—*Appeal.—Weighing Evidence.*—The Supreme Court will not weigh conflicting evidence in a criminal case. p. 524.

From Grant Circuit Court; *H. J. Paulus*, Judge.

Prosecution by The State of Indiana against John C. Brenneman.   From a judgment of conviction, defendant appeals.   *Affirmed.*

*W. O. Johnson, Blacklidge, Wolf & Barnes* and *Foster Davis*, for appellant.

*Thomas M. Honan*, Attorney-General, *Thomas H. Branaman, Edward M. White* and *James E. McCullough*, for the State.

Cox, J.—The appellant was prosecuted before a justice of the peace for trespass under §388 of the criminal code of 1905 (Acts 1905 p. 584, §2280 Burns 1908), and was con-

victed.   He appealed to the circuit court, and met a similar fate after a trial by the court without the intervention of a jury.   In this court he asks a reversal on the following grounds:   (1) That the trial court erred in overruling his motion to quash the affidavit, and (2) that the evidence is not sufficient to sustain the finding of the trial court.

Section 2280, *supra,* provides that "whoever, being about to enter unlawfully upon the enclosed or unenclosed land of another, shall be forbidden so to do by the owner, or occupant, or his agent or servant. * * * and shall thereafter enter upon such land, * * * shall be guilty," etc.

The part of the affidavit upon which appellant was convicted that it is claimed is defective and insufficient, charges that appellant "did then and there, unlawfully being about to enter upon the enclosed land of Joseph R. Neal, and having been forbidden by said Joseph R. Neal, the owner thereof, did then and there, and thereafter unlawfully enter and go upon said land." It is urged that because the word "forbidden," as set forth, is not followed by the further words "so to do," it is not made to appear what appellant was forbidden to do, and that without these words the affidavit does not charge sufficiently that he was forbidden to enter upon the described lands of the complaining witness.   The phrase "having been forbidden" is used in connection with the purpose of the appellant—threatened or about to be carried out—to enter upon the land, and that it was used to indicate anything else forbidden than such entry, could not well be implied without straining its meaning in the connection in which it is used.   The offense of trespass was charged with reasonable certainty, and the omission urged as a defect or imperfection, if it is one, did not tend to prejudice the substantial rights of appellant, and it was therefore not proper to quash the affidavit on account of it. §2063, subd. 10, §2221 Burns 1908, Acts 1905 p. 584, §§192, 334.

The evidence was conflicting. The trial court had the witnesses before it, and decided that defendant was guilty, and as there is in the record evidence fairly tending

2.    to sustain that finding, this court will not say that the finding was wrong.

Judgment affirmed.